## DAGMAR HURUP v. ROLF HURUP

SUPERIOR COURT          FAIRFIELD COUNTY          FILE No. 73877

Memorandum filed June 1, 1948.

*Bronson, Lewis, Bronson & Upson,* of Waterbury, for the Plaintiff.

*Ernest L. Josem,* of South Norwalk, for the Defendant.

O'SULLIVAN, J. The legal questions of the case spring from an agreement for support executed in Norway in 1936 by the parties while married but separated. Shortly thereafter, the defendant obtained a decree of divorce in the Norwegian court. As both contemplated when the agreement was made, the plaintiff left for America, to take up a permanent abode in California, where she still resides. Before 1940, the defendant also came to America and, after migrating about in various states for business reasons, eventually settled in Connecticut, where he presently lives with his second wife. The defendant's obligation to forward monthly payments to the plaintiff, for which the agreement provided, has been honored over the years as much in its breach as in its observance, not only as to the required amounts but also as to the times they fell due.

Let me first dispose of the second, third, and fourth special defenses by stating that, as to the second and third, they have not been established, and that, as to the fourth, no legal defense is alleged therein. Impaired earning power of the defendant affords him no relief from his contractual obligations. *Vandegrift* v. *Vandegrift,* 63 N. J. Eq. 124; *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 514.

The first and fifth special defenses allege statutory limitations of action, the fromer relying on that of Connecticut, the latter on that of Norway.

The Norwegian statute does not apply. The law of the forum governs. All instalments, therefore, which were not paid prior to October 7, 1940, are outlawed and cannot be recovered. My notes, I regret to say, are inadequate to ascertain the exact amount which is due under the rulings herein made. I must request counsel to confer and compute the mathematical sum for me. In the meantime, the entering of judgment will be suspended.

One final claim of the defendant appears to be that it is against our public policy to enforce this agreement. In the first place, this claim has no standing because the answer fails to set forth any such defense. But even had it been pleaded, the defense would be unavailing. The substantive law of California

governs the construction of the agreement, because the parties intended that its beneficial operation and effect would be enjoyed in that state. *Craig & Co., Ltd.* v. *Uncas Paperboard Co.,* 104 Conn. 559. California recognizes the validity of separation agreements and they are not abrogated by divorce. *Brown* v. *Brown,* 83 Cal. App. 74. And such agreements are not contrary to our public policy. *Maisch* v. *Maisch,* 87 Conn. 377. They are as enforceable here as are contracts in general, and the remedies provided the parties are no different than those provided for the breach of any other contract. *Lasprogato* v. *Lasprogato,* supra.